THIS was an action of debt on a sealed instrument, executed by John Spence, in the name of Jones Spence, for money borrowed by the firm. The declaration was special on the instrument, and the common money counts were added.
Cullen, for defendant, contended that as the money was lent to Spence on the security of his note under seal, this merged the simple contract; and bound him, though it did not bind the firm. One partner cannot bind another, under seal, without proof of authority. (1Wend. Rep. 326; 2 Harr. Rep. 147.) A note extinguishes the remedy on the simple contract. The only remedy is on the security taken. (1 Kinne Comp. 99; Chit. Cont. 782; 3 East
257; 10 Com. Law Rep. 54; 2 Johns. Rep. 213; StoryPart. 525, 237, 238, 176; Colly. 262; 1 Wend. Rep.
326.)
Layton. — We have proved a loan of $100 by plaintiff to Jones 
Spence, and that Spence executed a sealed instrument in the partnership name. This did not bind the firm; and did not merge the simple contract remedy against Jones Spence. The declaration is both on the note, and in general assumpsit. If a party declare on a special agreement, and fail to prove it, he may recover on the common counts. (Ros. Ev. 175.)
The first count is on a single bill under seal, by Jones Spence, which we have failed to prove, as it is only the deed of Spence. We fall back then on the common counts to recover the consideration of the note. (Ros. Ev. 175; 1 East 55; 1 Ch. Pl. 200.)
The Court charged, — 1st. That the plaintiff could not recover on the special count on the single bill of Jones Spence, because the bill being under seal was obligatory on Spence alone, and was not the deed of Jones; as Spence had no authority to bind his partner by such an instrument. 2d. That he could not recover on the count for money lent, because the taking the single bill of Spence for the money so lent, extinguished the remedy on the simple contract against the partners; and the plaintiff's remedy was against Spence alone on the bill. Whereupon the plaintiff suffered a nonsuit.